**EXITO ELECTRONICS, CO., LTD., Appellant,**

**v.**

**Virginia TREJO, et al., Appellees.**

**No. 13–02–368–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Feb. 13, 2003.

Rehearing Overruled March 20, 2003.

---

**364**

Rick Lee Oldenettel, Oldenettel & Associates, Houston, for Appellant.

Brendan K. Mcbride, San Antonio, Dwayne Day, Houston, Prichard, Hawkins & Young, Joe W. Meyer, Nathan A. Steadman, Meyer, Knight & Williams, Houston, Juan A. Gonzalez, Patricia Kelly, Adams & Graham, Harlingen, Steven H. Beadles, Carol A. Swanda, Law Offices of Steven H. Beadles, Dallas, Byron C. Keeling, Holman & Keeling, Houston, David M. Prichard, San Antonio, Frank Sabo, Daw & Ray, Weslaco, Jaime A. Drabek, Drabek & Associates, Harlingen, Jose E. Garcia, Garcia, Villareal & Karam, Michael Zanca, Roerig, Oliveira & Fisher, L.L.P., McAllen, for Appellees.

Jaime A. Drabek, for Walmart Stores, Inc.

David M. Prichard, Dwayne Day and Brendan K. Mcbride, for Wood Industries, Inc.

Michael Zanca, for Valley Market d/b/a All Valley Flea Market.

Frank Sabo, for K–Mart Corporation.

Byron C. Keeling, Robert Alan York, Ruth B. Downes and John David Franz, for Pacific Electricord Co., Ltd.

John David Franz, Patricia Kelly and Juan A. Gonzalez, for Mega Electronics, Inc.

Steven H. Beadles, Mike Mills and Carol A. Swanda, for Thompson Multimedia, Inc.

Jose E. Garcia, for General Electric.

Before Justices HINOJOSA, YAÑEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

This is an interlocutory appeal from the trial court's order denying the special appearance of Exito Electronics Company, Ltd., appellant ("Exito").[1] Appellees are Virginia Trejo, individually and as representative of the estate of Paulino Trejo; Nadia Guadalupe Salvador Guzman, individually; and Aurelio Salvador Flores, individually and as representative of the estate of Juana Zuniga, deceased, and as next friend of Maria de la Luz Crecencia Salvador Guzman, a minor (together, "Trejo"). We affirm.

---

1. Parties may challenge by interlocutory appeal trial courts' orders regarding special appearances. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(7) (Vernon Supp.2003).

## I. RELEVANT FACTS AND PRO-CEDURAL BACKGROUND

On Christmas Day in 1998, Paulino Trejo, Juana Zuniga, and Maria de la Luz Crecencia Salvador Guzman died in a house fire in Hillsboro, Texas. Alleging that the fire resulted from a defective extension cord, relatives of the victims of the fire filed suit on September 9, 1999 against numerous alleged distributors and retailers of the product. On December 22, 2000, an amended pleading added Exito as a defendant. The amended pleading described Exito as a nonresident "manufacturer," alleged that Exito "is a foreign corporation organized under the laws of Taiwan and doing business in Texas, USA without an agent for service," and sought service under rule 108a(1)(c) of the rules of civil procedure pursuant to the Texas long-arm statute as provided in sections 17.044 and 17.045 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.044, 17.045 (Vernon 1997 and Supp.2003); TEX.R. CIV. P. 108a(1)(c). The amended pleading also alleged that the fire was caused by a defective extension cord and that "[t]he extension cord in question was manufactured in whole or in part by Exito...."

On February 16, 2001, Exito filed a rule 11 agreement[2] in which Trejo's counsel agreed with Exito to "an extension until February 19, 2001 to file a responsive pleading" (the "Rule 11 agreement"). On March 5, 2001, Exito filed its verified special appearance objecting to personal jurisdiction. Attached to the special appearance are two verifications. The first is signed by "Courtney Duke," a person whose role and source of knowledge are not identified in the verification ("Duke"). The second verification was provided by Juan Kao, "the director of Exito Electronics, Co., Ltd." ("Kao"). In his affidavit,

Kao attests that he is "knowledgeable about [Exito's] business activities" and that he has "personal knowledge of the facts stated" in the affidavit. He does not state that the facts are true and correct. Kao's signature purports to be on behalf of Exito. This corporate signature block is followed by a jurat, but the jurat does not contain a notary stamp, recite the name of the notary, or indicate where the verification was signed.

On March 6, 2001, Exito filed a motion to transfer venue from Hidalgo County, the venue where Trejo claimed the extension cord was purchased, to Hill County, where the fire had occurred. Exito then filed an answer on March 8, 2001. The parties engaged in discovery. Various co-defendants filed cross-claims against Exito, who answered them. A hearing on the special appearance and on the motion to transfer venue was scheduled for June 7, 2001 but apparently was postponed.

On September 10, 2001, Trejo filed a motion to compel the deposition of Exito's corporate representative "in defense of special appearance." Exito responded to the motion to compel on September 18, 2001, expressly subject to and without waiving its special appearance, asserting that the deposition of Exito's designated corporate representative should be taken in Taiwan, not in Houston as noticed by Trejo. According to the docket sheet, the trial court signed an order on the motion on October 10, 2001, but the order itself is not included in the record.

On December 3, 2001, Exito filed a motion seeking to modify its answers to requests for admissions propounded by Trejo. On December 14, 2001, the trial court signed an order granting Exito's motion to modify its responses to the discovery.

**2.** TEX.R. CIV. P. 11.

Hearings on the special appearance and on the motion to transfer venue were scheduled for March 18, 2002 and May 31, 2002 but again were reset, the last time on the trial court's own motion to June 3, 2002. On that date, the trial court conducted a hearing on Exito's special appearance and motion to transfer venue. It denied both motions. On June 19, 2002, the trial court signed orders reflecting its rulings. The order denying Exito's special appearance recites findings of fact and conclusions of law. This appeal ensued.

## II. THE STANDARD OF REVIEW

Whether a court has personal jurisdiction over a nonresident defendant is a question of law. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). However, the trial court frequently resolves questions of fact before deciding the personal-jurisdiction question. *Id.* If a trial court enters an order denying a special appearance and also issues findings of fact and conclusions of law, the nonresident defendant may challenge the fact findings on legal and factual sufficiency grounds. *Id.* Unchallenged fact findings are binding on the appellate court. *Hotel Partners v. KPMG Peat Marwick,* 847 S.W.2d 630, 632 (Tex.App.-Dallas 1993, writ denied). We conduct a *de novo* review when applying the law to the facts. *El Puerto de Liverpool, S.A. de C.V. v. Servi Mundo Llantero S.A. de C.V.,* 82 S.W.3d 622, 639 (Tex.App.-Corpus Christi 2002, pet. dism'd w.o.j.) (op. on rehearing).

Therefore, if an order on a special appearance is based on undisputed or established facts (such as where the nonresident defendant does not challenge the trial court's findings of fact), the exercise of personal jurisdiction is a question of law we review *de novo. Happy Indus. Corp. v. Am. Specialties, Inc.,* 983 S.W.2d 844, 848 (Tex.App.-Corpus Christi 1998, pet.

dism'd w.o.j.). We review for correctness the legal conclusions drawn by the trial court from the established facts. *BMC,* 83 S.W.3d at 794. If a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal. *Id.*

## III. ANALYSIS

In two issues, Exito contends that: (1) appellees did not meet their burden of pleading personal jurisdiction; and (2) the Taiwanese corporation did not establish minimum contacts with the State of Texas sufficient for the exercise of either general or specific personal jurisdiction. We address first Exito's burden argument.

### A. The Procedural Burdens Associated with Personal Jurisdiction

If a nonresident defendant purposefully avails itself of the privileges and benefits of conducting business in the State of Texas, this State has sufficient contacts to confer personal jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 1997); *BMC,* 83 S.W.3d at 795. The nonresident defendant's minimum contacts with Texas may confer either general or specific personal jurisdiction. *BMC,* 83 S.W.3d at 795. General personal jurisdiction requires that the contacts in Texas be continuous and systematic but does not demand that the cause of action arise from or relate to activities conducted in Texas. *Id.* at 796. Specific personal jurisdiction requires that the alleged liability arise from or relate to an activity conducted in Texas. *Id.*

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the personal jurisdiction of the State of Texas. *Id.* at 793; *Frank A. Smith Sales, Inc., v. Atl. Aero, Inc.,* 31 S.W.3d 742, 746 (Tex. App.-Corpus Christi 2000, no pet.). A

nonresident defendant challenging a Texas court's personal jurisdiction must negate all jurisdictional bases. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996) (orig. proceeding); *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985). In the absence of sufficient personal-jurisdiction allegations by the plaintiff, the defendant meets its burden of negating all potential bases of personal jurisdiction by presenting evidence that it is a nonresident. *M.G.M. Grand Hotel, Inc. v. Castro,* 8 S.W.3d 403, 408 n. 2 (Tex.App.-Corpus Christi 1999, no pet.); *KPMG,* 847 S.W.2d at 634.

 Exito argues that Trejo did not plead facts adequate to establish personal jurisdiction over the corporation in Texas, so that Exito met its burden in its special appearance by proving its nonresidency. To the contrary, the amended pleading joining Exito as a defendant alleged that the company was doing business in Texas and had manufactured a product that was distributed in Texas, a defective extension cord that had caused a fire in this State in which the plaintiffs' relatives had perished. We hold that Trejo's pleadings were sufficiently clear with regard to personal-jurisdiction allegations related to Exito. *See El Puerto,* 82 S.W.3d at 629 (holding that allegations of doing business in Texas and commission of tort in Texas sufficiently alleged personal jurisdiction). Further, even if the pleadings were not sufficient to allege personal jurisdiction in Texas, we would conclude that Exito waived its complaint because it did not raise the issue in a motion to quash. Defective personal-jurisdiction allegations must be challenged by a motion to quash, not by a special appearance. *Kawasaki Steel,* 699 S.W.2d at 203; *El Puerto,* 82 S.W.3d at 629.

Next, Exito asserts that none of the "factors" in the trial court's order "are

sufficient for a finding of either specific or general jurisdiction." The focus of Exito's argument is that it did not establish minimum contacts with the State of Texas sufficient for the exercise of personal jurisdiction. Exito has not challenged the trial court's factual findings. We thus interpret Exito's assertion as a challenge to the trial court's conclusions of law. Under *BMC,* we perform a *de novo* review of those legal conclusions for error. *BMC,* 83 S.W.3d at 794. However, we conclude that Exito waived its objection to the trial court's exercise of personal jurisdiction. Thus, an error analysis is unnecessary, and instead we perform a waiver analysis.

## B. The Requirements of a Special Appearance under Rule 120a of the Texas Rules of Civil Procedure

 A nonresident defendant must object, by sworn special appearance filed under rule 120a of the rules of civil procedure, to the exercise of personal jurisdiction by a Texas court. Tex.R. Civ. P. 120a. Rule 120a requires strict compliance with its procedures. *Morris v. Morris,* 894 S.W.2d 859, 862 (Tex.App.-Fort Worth 1995, no writ). Rule 120a contemplates at least three ways in which a nonresident defendant waives the protection of the rule and subjects itself to the personal jurisdiction of the court: (1) failure to comply with the rule's "due-order-of-pleading" requirement; (2) failure to obtain determination of the special appearance before any other issue is heard; and (3) if the nonresident defendant relies on affidavits to support the motion, failure to comply with the specific content requirements of the rule. Tex.R. Civ. P. 120a.1, a.2, and a.3. The waiver principles explicit in rule 120a recognize that a nonresident defendant enters a general appearance by undertaking activities that acknowledge an action is properly pending, invoking

the judgment of the court on any question other than the court's personal jurisdiction, or seeking affirmative action from the court. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 276 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

Like *Angelou*, other Texas courts have applied rule 120a's procedural requirements in concluding that waiver of the asserted special appearance did not occur. However, we find those cases distinguishable from this interlocutory appeal, and no Texas court has examined the interplay of personal-jurisdiction waiver principles we now address.[3]

### 1. The "Due–Order–of–Pleading" Requirement

■ A special appearance shall be filed "prior to motion to transfer venue or any other plea, pleading or motion." TEX.R. CIV. P. 120a.1. Rule 120a "makes matters in the same instrument and subsequent matters subject to the special appearance without an express statement to that effect for each matter." *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex.1998). The rule also mandates that

"[e]very appearance prior to judgment, not in compliance with this rule is a general appearance." TEX.R. CIV. P. 120a.1. By filing a general appearance, a nonresident defendant submits to the exercise of personal jurisdiction by the court. *Morris*, 894 S.W.2d at 862.

■ Before filing its special appearance, Exito filed with the court the parties' Rule 11 agreement extending the corporation's answer date. The parties did not expressly make the extension agreement subject to any subsequent special appearance. The supreme court did not address this circumstance in its analysis of rule 120a.1's due-order-of-pleadings requirement in *Dawson–Austin*, where the challenged instruments were filed simultaneous with or subsequent to the special appearance. *Dawson–Austin*, 968 S.W.2d at 322.

■ Here, Exito filed the Rule 11 agreement first. We note that the *Angelou* court held that the filing of a rule 11 agreement extending an answer date did not seek affirmative action from the court

---

**3.** Some cases examine the circumstances in which a party files a motion that seeks affirmative relief but the trial court does not hear or rule on the motion. *See, e.g., Silbaugh v. Ramirez*, No. 01–02–01129–CV, —— S.W.3d ——, —— – ——, 2002 WL 31839227, 2002 Tex.App. LEXIS 9123 at *9–*10 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (holding that motion to stay discovery and motion to quash deposition were "use of the discovery process" that did not waive special appearance; noting that motions were not heard or ruled on by trial court); *Case v. Grammar*, 31 S.W.3d 304, 311 (Tex.App.-San Antonio 2000, no pet.) (holding that defendant's participation in depositions and in seeking to compel plaintiff's responses to discovery did not waive special appearance where discovery dispute not heard by court), *disapproved on other grounds, BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 n. 1 (Tex. 2002); *Minucci v. Sogevalor*, 14 S.W.3d 790,

800 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (holding that neither engaging in discovery nor filing and setting contested matter for hearing waived special appearance where matter was not heard by court). Other cases interpret rule 120a.1 to permit determination of discovery disputes but do not discuss the "first-determined" requirement of rule 120a.2. *See, e.g., Hotel Partners v. Craig*, 993 S.W.2d 116, 123 (Tex.App.-Dallas 1994, writ denied) (holding that filing after special appearance of motion for protective order, response to motion to compel, and letter brief in support of position in discovery dispute did not waive special appearance); *Int'l Turbine Serv., Inc. v. Amos Lovitt & Touche, Inc.*, 881 S.W.2d 805, 809 (Tex.App.-Fort Worth 1994, writ denied) (holding that motion for protective order to limit discovery to personal-jurisdiction matters that was resolved by agreed order did not waive special appearance).

and thus was not a general appearance,[4] even though in that case, as here, the nonresident defendant did not condition the rule 11 agreement on a subsequent special appearance. *Angelou*, 33 S.W.3d at 275; *cf. Antonio v. Rico Marino, S.A.*, 910 S.W.2d 624, 629 (Tex.App.-Houston [14th Dist.] 1995, no writ) (op. on rehearing) (holding that neither filing of notice of removal nor filing of stipulation to submit to another jurisdiction in compliance with court's instructions in dismissing case constituted general appearance). We respectfully disagree with the *Angelou* court that the determinative question is whether, in filing the Rule 11 agreement before filing its special appearance, Exito acknowledged that an action was properly pending, invoked the judgment of the trial court, or sought affirmative relief. Rather, the plain language of rule 120a specifies that "[e]very appearance prior to judgment, not in compliance with this rule is a general appearance." Tex.R. Civ. P. 120a.1. Rule 120a.1 contains no exception for rule 11 agreements. An unconditional rule 11 agreement filed prior to a special appearance is not filed in the same instrument or subsequent to the special appearance, and rule 120a.1 does not contemplate that it is considered subject to the special appearance.[5] We conclude that a nonresident defendant who files an unconditional rule 11 agreement prior to filing a special appearance enters a general appearance under the due-order-of-pleading requirement of rule 120a.1. Accordingly, we hold that Exito waived its challenge to the trial court's exercise of personal jurisdiction by filing an unconditional rule 11 agreement before filing its special appearance. Tex.R. Civ. P. 120a.1.

### 2. The "First–Determined" Requirement

Rule 120a further mandates that "[a]ny motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." Tex.R. Civ. P. 120a.2. In *Dawson–Austin*, the supreme court also analyzed what constitutes invocation of the trial court's judgment in the context of the "first-determined" requirement of rule 120a.2. *Dawson–Austin*, 968 S.W.2d at 322–23. A motion filed after the special appearance by the nonresident defendant requested a continuance both of the special appearance hearing and of a hearing that had been set at the request of the opposing party on other motions filed by the defendant, each subject to the special appearance. *Id.* at 323. The trial court denied the continuance. *Id.* The supreme court held that the motion merely asked the court to defer action on all matters and did not waive the special appearance. *Id.* The determinative factor in the supreme court's analysis was that the motion for continuance did not seek relief inconsistent with the nonresident defendant's assertion that the court lacked personal jurisdiction, and in fact was consistent with the rights conferred by rule 120a with regard to discovery (pursuant to rule 120a.1) and to have the special appearance determined prior to other motions (pursuant to rule 120a.2). *Id.*

After the supreme court decided *Dawson–Austin*, this Court considered whether a nonresident defendant waived a special

---

4. We note that a party does invoke the court's authority by filing a written rule 11 agreement, in the sense that filing must precede enforcement. Tex.R. Civ. P. 11.

5. This appeal does not present, nor do we address, the circumstance where a rule 11 agreement to extend an answer date is entered into and filed expressly subject to an anticipated special appearance.

appearance by arguing a motion for new trial before obtaining a determination of the special appearance. *Landry v. Daigrepont,* 35 S.W.3d 265, 267 (Tex.App.-Corpus Christi 2000, no pet.). After learning that a default judgment had been entered, the nonresident defendant filed a motion for new trial, which expressly stated that it was subject to the special appearance. *Id.* During the hearing, the nonresident defendant's counsel informed the judge that the hearing concerned "a motion for new trial preceded technically by a special appearance both being heard [at the same hearing]." *Id.* at 267–68. The defendant's counsel acknowledged that determination of the special appearance needed to precede any ruling by the court on the motion for new trial, but announced that he would begin with argument on the motion for new trial because it would be easier for the court to follow. *Id.* at 268. The trial court granted the motion for new trial and the special appearance. *Id.* This Court reversed, citing the "first-determined" requirement of rule 120a.2. TEX.R. CIV. P. 120a.2; *Landry,* 35 S.W.3d at 268. We concluded, because the defendant's counsel had argued the motion for new trial and had approved the court's order before the court determined the special appearance, that the defendant had waived the special appearance. *Landry,* 35 S.W.3d at 268; *see Liberty Enters., Inc. v. Moore Transp. Co., Inc.,* 690 S.W.2d 570, 571–72 (Tex. 1985) (holding that party waived special appearance by agreeing to trial court's order reinstating cause of action); *see also Shapolsky v. Brewton,* 56 S.W.3d 120, 140–41 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (holding that nonresident defendant waived special appearance by having motion for protection and for sanctions heard before court heard and determined special appearance).

■ Here, prior to hearing and determination of its special appearance, Exito engaged in discovery and participated in resolution by the trial court of two discovery matters: (1) Trejo's motion to compel the deposition of Exito's corporate representative; and (2) Exito's motion to modify its previous answers to requests for admissions propounded by Trejo. The trial court signed orders on both discovery disputes.

■ We note that rule 120a expressly provides that "[t]he issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance." TEX.R. CIV. P. 120a.1. However, we also note that the plain language of rule 120a.2 mandates that "[a]ny motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." TEX.R. CIV. P. 120a.2. Unlike rule 120a.1, rule 120a.2 does not except discovery matters from its requirements. We conclude that the "use of discovery" permitted by rule 120a.1 can be harmonized with the "first-determined" mandate of rule 120a.2 if: (1) the parameters of "use of discovery" extend only to participation in discovery by the nonresident defendant; and (2) once a discovery dispute arises, the special appearance must be heard and determined before the discovery motion is heard. Accordingly, we decline to extend *Dawson–Austin* beyond the particular circumstance presented there by the nonresident defendant's motion for continuance. *Dawson–Austin,* 968 S.W.2d at 323.

■ Finally, we note that instruments filed contemporaneous with or subsequent to a special appearance are subject to the special appearance without the necessity of an express statement to that effect. *Id.*

Nonetheless, the "subject to" proviso of rule 120a.1 is implicated only in the filing of instruments, not in the hearing and determination of contested matters pursuant to rule 120a.2. *Compare* TEX.R. CIV. P. 120a.1 *with* TEX.R. CIV. P. 120a.2. Thus, Exito's excess of caution in expressly filing its contested discovery response and motion "subject to" the special appearance negates any unintentional general appearance that might result from the due-course-of-pleading requirement imposed by rule 120a.1, albeit unnecessarily, but no disclaimer will avoid the consequences of rule 120a.2's requirement that the special appearance be heard and determined first. *See Landry*, 35 S.W.3d at 267–68 (holding that arguing motion for new trial and approving order both constituted general appearances even though written motion was expressly subject to special appearance). We conclude that Exito, prior to any hearing and determination of its special appearance: (1) invoked the judgment of and sought affirmative action from the court on matters other than the question of personal jurisdiction, *id.* at 268; (2) submitted to the hearing and determination of discovery disputes by the court, thus recognizing that an action was properly pending, *see Brewton*, 56 S.W.3d at 140; *see also Liberty Enters.*, 690 S.W.2d at 571–72; and, therefore, (3) acted inconsistent with its assertion that the court lacked personal jurisdiction, *Dawson–Austin*, 968 S.W.2d at 323. By participating in the court's hearing and determination of disputed discovery matters prior to determination of the special appearance, Exito entered a general appearance. Accordingly, we hold that Exito waived its challenge to the trial court's exercise of personal jurisdiction by not complying with the requirement of rule 120a.2 that the special appearance be heard and determined before the parties' discovery disputes were heard. TEX.R. CIV. P. 120a.2.

### 3. Affidavit Requirements

■■■■ Rule 120a also provides:

The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony. The affidavits, if any, shall be served at least seven days before the hearing, shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.

TEX.R. CIV. P. 120a.3.[6] An affidavit is defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to adminis-

---

**6.** The verifications of Exito's special appearance and the affidavits on which Exito relies to support its special appearance are the same instruments. We note that the verification requirement contained in rule 120a.1 is distinct from the provisions of rule 120a.3 that specify the requisite contents of affidavits submitted in support of a special appearance. *Compare* TEX.R. CIV. P. 120a.1 (providing that special appearance "shall be made by sworn motion . . . .") *with* TEX.R. CIV. P. 120a.3. By the rule's plain wording, the affidavit requirements of rule 120a.3 do not apply to verifications by which motions challenging personal jurisdiction are sworn pursuant to rule

120a.1. We also note that an unsworn special appearance may be amended to cure defects at any time before a general appearance, including an amendment to cure the absence of a verification. *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex.1998). Trejo did not object in the trial court to the verifications, so Exito was not presented with a necessity to amend. Accordingly, in the absence of an objection in the trial court to the verifications, we do not address whether Exito's special appearance, of itself, constituted a general appearance because of defects in the verifications.

ter oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998); *De los Santos v. Southwest Tex. Methodist Hosp.*, 802 S.W.2d 749, 755 (Tex.App.-San Antonio 1990, no writ), *disapproved on other grounds, Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex.1994). In plain terms, the person making the affidavit must swear to and sign the statement in front of a notary. *De los Santos*, 802 S.W.2d at 754–55. Without notarization, an unsworn statement is not an affidavit. *Id.; Failing v. Equity Mgmt. Corp.*, 674 S.W.2d 906, 909 (Tex.App.-Houston [1st Dist.] 1984, no writ).

Moreover, an affidavit is legally insufficient if it does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge. *Humphreys v. Caldwell*, 888 S.W.2d 469, 471 (Tex.1994) (orig. proceeding). Further, rule 120a requires an affidavit in support of a special appearance to set forth facts and show affirmatively how the affiant obtained personal knowledge of those facts. TEX.R. CIV. P. 120a.3. A more familiar application of a specific content requirement for affidavits appears in rule 166a, which, in the context of affidavits submitted in support of motions for summary judgment, contains language identical to rule 120a.3. *Compare* TEX.R. CIV. P. 120a.3 *with* TEX.R. CIV. P. 166a(f); *Larson v. Family Violence and Sexual Assault Prevention Ctr. of S. Tex.*, 64 S.W.3d 506, 511 (Tex.App.-Corpus Christi 2001, pet. denied). Finally, with regard to the personal knowledge of corporate representatives, officers such as vice-presidents, secretaries, and board presidents may testify to facts regarding the corporation's activities. *Larson*, 64 S.W.3d at 512; *Castro*, 8 S.W.3d at 407.

On appeal, Exito relies on Kao's affidavit attached to its special appearance to meet its burden to negate all bases for general and specific personal jurisdiction. We find that both affidavits attached to Exito's special appearance are fatally defective under rule 120a.3. The Duke affidavit wholly fails to identify Duke's role or source of personal knowledge and, as a consequence, does not "show affirmatively that the affiant is competent to testify." TEX.R. CIV. P. 120a.3; *see Larson*, 64 S.W.3d at 511–12 (interpreting same requirement in rule 166a in summary-judgment context).

Similarly, the Kao affidavit does not explain how Kao's role as "director" in Exito, a Taiwanese corporation, provides a source of personal knowledge. A director may or may not have personal knowledge of facts regarding the corporation's activities. TEX.R. CIV. P. 120a.3; *see Castro*, 8 S.W.3d at 407 (noting that affidavit identifying affiant as corporate officer shows competency to testify because corporate officers occupy positions in which they acquire personal knowledge of corporate facts). In any event, Kao does not swear that the facts are true and correct, which is necessary for his statements to "be admissible in evidence" as required by rule 120a.3. TEX.R. CIV. P. 120a.3; *see Humphreys*, 888 S.W.2d at 470–71 (analyzing and rejecting as "legally invalid" affidavits submitted in support of claim of discovery privilege). Finally, the notary's jurat neither identifies the notary, states where the affidavit was signed, nor contains an official seal. Accordingly, the writing attached to the special appearance that purports to be Kao's affidavit does not meet the statutory definition of "affidavit" in Texas. TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998). Thus, Kao's adoption of the facts recited in the special appearance is an unsworn statement, not an affidavit. *De los Santos*, 802 S.W.2d at 755; *Failing*, 674 S.W.2d at 909. We hold that Exito waived its challenge to the trial

court's exercise of personal jurisdiction by not submitting for consideration by the trial court support for its special appearance in compliance with rule 120a.3. TEX.R. CIV. P. 120a.3; *see Humphreys*, 888 S.W.2d at 470 (holding to be "of no probative value" defective affidavits submitted in support of claim of discovery privilege).[7]

In conclusion, even if Exito did not establish sufficient minimum contacts with the State of Texas to support the trial court's exercise of personal jurisdiction, we hold that denial of the special appearance is proper because Exito: (1) entered a general appearance by filing an unconditional rule 11 agreement before filing its special appearance as well as by appearing for the hearing and determination of disputed discovery matters before the trial court heard and determined the special appearance; and (2) did not provide, in compliance with rule 120a.3, support for its special appearance for consideration by the trial court. Accordingly, on waiver grounds alone, the trial court properly exercised personal jurisdiction over Exito. We hold that the trial court's denial of Exito's special appearance does not require reversal. *BMC*, 83 S.W.3d at 794. We overrule both of Exito's issues.

### IV. CONCLUSION

We affirm the trial court's order denying Exito's special appearance.

---

7. The lack of a properly notarized signature is a substantive defect, not a defect as to form. *Elam v. Yale Clinic*, 783 S.W.2d 638, 643 (Tex.App.-Houston [14th Dist.] 1989, no writ). Unlike rule 120a.1, which expressly permits amendment to cure defects in the verification of a sworn special appearance, rule 120a.3 does not provide that defects in an affidavit considered by a trial court in determining a special appearance may be cured. *Compare* TEX.R. CIV. P. 120a.1 *with* TEX.R. CIV. P. 120a.3. Thus, defects in an affidavit provided under rule 120a.3, unlike defects in a verification filed under rule 120a.1, cannot be waived by failing to bring the affidavit's defects to the trial court's attention. *See Yale Clinic*, 783 S.W.2d at 643 (refusing to consider defective affidavits as competent summary judgment evidence).