CRYSTALIX GROUP
INTERNATIONAL,
INC., Appellant

v.

VITRO LASER GROUP USA, INC. and
Kenneth Morrison, Appellee.

No. 05–03–01280–CV.

Court of Appeals of Texas,
Dallas.

Feb. 17, 2004.

Kevin B. Wiggins, Tracey Renee Wallace and Barbara S. Nicholas, White & Wiggins, L.L.P., for Appellant.

J. Robert Arnett, II, Sopuch, Nouhan, Higgins & Arnett, L.L.P., Dallas, for Appellee.

Before Justices JAMES, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice JAMES.

In this interlocutory appeal, Crystalix Group International, Inc. ("Crystalix") appeals the trial court's order determining their special appearance was "moot." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon Supp.2004). Crystalix filed its special appearance, and appellees Vitro Laser Group USA, Inc. and Kenneth Morrison ("Vitro") moved to declare the special appearance waived. The trial court deemed Crystalix to have entered a general appearance by virtue of two rule 11 agreements. In one issue,

Crystalix contends the rule 11 agreements did not waive its special appearance. We agree and reverse the trial court's judgment.

## BACKGROUND

Vitro filed suit against Crystalix on February 12, 2003. As a part of its petition, Vitro sought a temporary restraining order (TRO) preventing Crystalix from interfering with the "Vitro System" lasers and Vitro's business facilities and operations. The court granted the TRO, which was effective until February 26, 2003. Vitro moved to extend the TRO on February 24, 2003. In its motion, Vitro noted that Crystalix had "not yet entered appearances"; Vitro faxed its motion to Crystalix. The court did not rule on Vitro's February 24 motion. Instead, on February 27, 2003, Vitro sent a letter to Crystalix that memorialized an agreement the parties had reached to extend the TRO until March 6, 2003. Vitro requested Crystalix sign the agreement and return it via fax. Crystalix did so, and the copy faxed from Crystalix to Vitro was filed with the court along with the letter bearing only Vitro's signature.

On March 5, 2003, Vitro sent another letter to Crystalix, this time memorializing another agreement between Vitro and Crystalix. This agreement stated that "pending an adjudication by the Court of the ownership of the [laser system]," Crystalix would not seize or interfere with the laser system. Again, Vitro faxed the letter to Crystalix, and the copy faxed back to Vitro from Crystalix was filed with the court along with a non-faxed copy bearing only Vitro's signature.

Crystalix filed its special appearance, special exceptions, and original answer collectively on March 10, 2003. In July, Vitro moved to deem Crystalix to have entered a general appearance by virtue of the rule 11 agreements. On August 13, 2002, while

the parties were still conducting discovery on the merits of the special appearance issue, the court held a hearing on Vitro's motion to deem Crystalix to have entered a general appearance. The court found that Crystalix entered a general appearance by virtue of the rule 11 agreements, and the court determined the special appearance was therefore "moot."

## APPLICABLE LAW

When a special appearance is based on undisputed and established facts, as it was here, we conduct a *de novo* review of the trial court's application of law in granting or denying the special appearance. *See BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002); *C-Loc Retention Sys., Inc. v. Hendrix,* 993 S.W.2d 473, 476 (Tex.App.-Houston [14th Dist.] 1999, no pet.). To contest the personal jurisdiction of the court, a party must enter a special appearance before— or in the same instrument as—any motion to transfer venue or any other plea, pleading, or motion. TEX.R. CIV. P. 120a.1. An appearance that does not comply with rule 120a is a general appearance and waives the party's personal jurisdiction complaint. *See id.* The Texas Supreme Court addressed an issue regarding rule 120a in *Dawson–Austin v. Austin,* 968 S.W.2d 319 (Tex.1998). The court, quoting language from lower appellate courts, identified what actions taken by a party will constitute a general appearance: (1) invoking the judgment of the court on a question other than jurisdiction; (2) recognizing an action is properly pending before the court; or (3) seeking affirmative action from the court. *Id.* at 322. Accordingly, a party may engage in an act having some relation to the pending cause without the act necessarily constituting a general appearance. *Id.*

## DISCUSSION

Crystalix contends that under the law as set out by the Texas Supreme Court in *Dawson–Austin,* the rule 11 agreements did not constitute a general appearance. During oral argument, Vitro admitted that Crystalix did not seek any affirmative action from the court, but Vitro argues that Crystalix entered a general appearance because the rule 11 agreements invoked judgment from the court or recognized an action was properly pending. Vitro also contends Crystalix violated the due-order-of-pleadings requirement of rule 120a based on a Corpus Christi case, *Exito Electronics, Co. v. Trejo,* 99 S.W.3d 360 (Tex.App.-Corpus Christi 2003, pet filed). We address both arguments together.

Vitro urges this Court to follow the Corpus Christi court decision from *Exito Electronics.* The Corpus Christi court concluded the rule 11 agreement in its case violated the due-order-of-pleading requirement of rule 120a. *Id.* at 369. The court held that Exito waived its special appearance by filing an unconditional rule 11 agreement before filing its special appearance. *Id.* The court specifically disagreed with the Houston court from the fourteenth district that held an unconditional rule 11 agreement did not constitute a general appearance. *Id.* (disagreeing with *Angelou v. Afr. Overseas Union,* 33 S.W.3d 269, 276 (Tex.App.-Houston [14th Dist.] 2000, no pet.)). The Corpus Christi court stated the question was not whether a general appearance had been entered under one of the three tests outlined in *Dawson–Austin,* but whether the plain language of rule 120a meant a rule 11 agreement was an appearance "not in compliance with" rule 120a. *Id.*

We disagree with the Corpus Christi court. Rule 120a specifies a motion to transfer venue or any other *plea, pleading or motion* must be filed before—or in the

same instrument as—a special appearance to avoid wavier of a personal jurisdiction question. Vitro states that a rule 11 agreement is an "agreement, admission, or concession."[1] *See* Tex.R. Civ. P. 11. We do not disagree with this characterization of a rule 11 agreement. However, identifying something as an agreement, admission, or concession does not automatically translate into a label of plea, pleading, or motion—the items that may not be filed before a special appearance without waiving the special appearance. *See* Tex.R. Civ. P. 120a.1. A rule 11 agreement is not specifically referenced in the text of rule 120a. Accordingly, we, like the Houston court in *Angelou*, find the *Dawson–Austin* test instructive for determining whether the rule 11 agreements in the present case constituted a general appearance.[2] *See Angelou*, 33 S.W.3d at 275–276.

■ Neither of the rule 11 agreements in this case change the status of any action with the court, nor do they request any action from the court. The TRO was already in place, and Vitro simply sought to *continue the order as it was.* The February 26 rule 11 agreement did not change the material components of the TRO in any way. The March 5 agreement merely showed that Crystalix agreed not to seize or interfere with the system. Although the agreement stated "pending adjudication by the court," the agreement did not suggest the action was properly before the trial court, and it did not invoke any involvement from the trial court. This agreement also merely maintained the status quo from the court's perspective. Fur-

thermore, Crystalix, through counsel, merely signed the agreement. Based on the state of the copies in the records, we conclude both agreements were written, faxed, and filed by Vitro.

We hold that under the facts before us, the mere signature on the agreements neither invoked the judgment of the trial court on a matter other than jurisdiction, sought affirmative action, nor recognized a case was *properly* pending before the court. *See Dawson-Austin*, 968 S.W.2d at 322. Accordingly, the trial court erred by deeming Crystalix to have entered a general appearance by virtue of the two rule 11 agreements. We limit our decision to the issue of Vitro's motion deeming Crystalix to have entered a general appearance by virtue of the rule 11 agreements. The hearing on the special appearance has not occurred, and we make no determination of the facts underlying the special appearance itself.

We reverse the trial court's judgment and remand for further proceedings.

---

1. Vitro also contends that an agreement meeting the requirements of rule 11 is enforceable, with which we also agree. However, neither party sought to enforce the agreement in the present case. Whether the agreements were enforceable is not a determinative factor, and we decline to reach our decision beyond the facts presented to us in the present case.

2. We decline to establish a bright-line rule affecting all rule 11 agreements. Instead, we look to the facts of the case before us, and determine whether these particular rule 11 agreements constituted a general appearance.