# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00572-CV

---

**D. D., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 23-0001-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

D.D. (Mother) appeals from the trial court's final order in this suit affecting the parent-child relationship.[1]  Following a final hearing, the trial court found that Mother had constructively abandoned her eight-year-old child (Child), that she had failed to comply with a court-ordered family service plan, and that it was in Child's best interest for Mother's parental rights to be terminated.  *See* Tex. Fam. Code § 161.001(b)(1)(N), (O), (2).  Based on these findings, the trial court terminated Mother's parental rights to Child.

On appeal, Mother does not challenge the sufficiency of the evidence to support the trial court's findings.  In her two issues, Mother contends that the final order is void because she did not receive proper notice of the final hearing or that the trial court signed the final order

---

[1] We refer to the parents and other family members by their initials or their relation to the child and refer to the child as Child.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8. In May 2024, the trial court signed an interlocutory order of termination as to Father's parental rights based on his execution of an affidavit of relinquishment of his parental rights to Child.  *See* Tex. Fam. Code § 161.001(b)(1)(K).

outside the statutory deadline for doing so. Her issues are directed towards the trial court's alleged errors concerning the required forty-five days' notice of a trial setting, *see* Tex. R. Civ. P. 245, and the statutory deadline to render judgment within ninety days of trial commencing, *see* Tex. Fam. Code § 263.4011(a). For the following reasons, we affirm the trial court's final order.

**BACKGROUND**

In June 2016, in a proceeding between Mother and Father in Dallas County, the district court signed an agreed order establishing the parent-child relationship between Father and Child, who was two months old. The district court appointed the parents joint managing conservators of Child but ordered Mother's possession and access to Child to be only by agreement between Mother and Father and required Mother to take drug tests when requested by Father. In September 2016, Father filed an emergency motion in the Dallas County proceeding to enforce the agreed order supported by affidavit. Father alleged that Mother was violating the agreed order by not returning Child to his possession and refusing to take a drug test. Although Mother returned Child to Father, she then filed a petition to modify the parent-child relationship, seeking to be appointed Child's sole managing conservator. Child's paternal grandmother (Grandmother) intervened in the suit in Dallas County and alleged concerns for Child's safety when in Mother's care. In February 2018, the suit was dismissed for want of prosecution.

On January 4, 2023, the Department filed the underlying suit. The Department had received an intake alleging neglectful supervision of Child by Father. Child, who was almost seven years old, had lived with either Grandmother or Father for most of his life. Mother had not been involved or had contact with Child for many years, and Father did not have contact information for Mother. The trial court signed an order for protection of Child in an emergency

and other orders, including ordering Mother and Father to comply with family service plans. Child was placed with Grandmother and remained in her care during the case.

In March and September 2023, Department caseworkers were able to speak by phone with Mother, who was living in California, about the proceeding. In July 2023, the trial court also had appointed an attorney to represent Mother pending a determination of her indigency. *See* Tex. Fam. Code §§ 107.013 (requiring appointment of attorney ad litem to represent interests of indigent parent who opposes termination), .014 (addressing duties of attorney ad litem appointed to represent parent whose location is unknown, including among duties if attorney locates parent, to assist parent in making claim of indigence for appointment of attorney).

On October 4, 2023, the trial court held a permanency hearing before the final order. In its order following the hearing, the trial court set the trial on the merits on December 12, 2023, and ordered Mother to submit an affidavit of indigence with the trial court by October 18 or her attorney would be excused from the case.[2] The order reflects that her attorney was present and agreed to the terms of the order. After the hearing, her attorney was able to speak with Mother; she instructed the attorney to oppose the proceeding; he provided her with a form affidavit of indigence; she filled out, signed, and dated the affidavit of indigence on October 16; and she returned the filled-out affidavit to her attorney.[3] Mother included her phone number, email address, and physical address in California, and she declared under oath that she had been advised of her right to representation by counsel in connection with the proceeding, that

---

[2] The permanency hearing order before final order reflects that the hearing occurred on October 4, 2023, but the trial court did not sign the order until February 8, 2024.

[3] The record reflects that the attorney also provided a waiver of service to Mother that Mother signed and returned to him, but the waiver of service was not notarized.

3

she was without means to employ counsel of her own choosing, and that she was requesting that the trial court appoint counsel for her.[4]

On December 12, the trial court held a permanency hearing before final order. At that time, the trial court signed and granted Mother's application for court-appointed counsel. The affidavit of indigence and approved application was filed a few days later,[5] and Mother's court-appointed attorney continued to represent her during the case. In other orders following the December 12 hearing, the trial court reset the final hearing on the merits for March 19, 2024, and extended the dismissal date to July 6, 2024. The orders reflect that Mother did not appear in person for the hearing but through her attorney of record, and the attorney announced ready and agreed to the terms of the orders. The Department, however, had been unable to obtain service on Mother. A process server had unsuccessfully attempted to personally serve Mother multiple times in December 2023 at the California address Mother had provided.[6] The trial court ordered the Department to make its "best efforts to formally serve" Mother and, if its efforts were unsuccessful, to "initiate alternative service."

At the beginning of May 2024, the trial court signed an order for substituted personal service of citation and set the final hearing for June 4, 2024. The Department again

---

[4] Mother "declare[d] under penalty of perjury that the foregoing [was] true and correct."

[5] The record reflects that on October 18, Mother's attorney notified court staff that he had been in contact with Mother and that he had received her signed affidavit of indigence but that he was having a hard time filing it.

[6] On September 20, 2023, Mother was served with the citation and other documents through the email address that she had provided, and on December 17, 2023, the process server delivered a copy of the citation and other documents to a "Co-occupant/Family Member" at the California address. The record reflects that the "Co-occupant/Family Member" is Mother's cousin. The trial court, however, had not yet authorized substituted service. *See* Tex. R. Civ. P. 106 (addressing methods of service of process).

attempted to personally serve the citation on Mother at the California address, but after multiple attempts, the process server was informed by the resident that Mother had been living at that address temporarily and had moved out in June 2023.

On June 5, 2024, the trial court signed an order for substituted service that authorized the Department to serve Mother by email and text. *See* Tex. R. Civ. P. 106(b). The following day, the Department obtained service on Mother by email and text, and the return of service was filed with the trial court. Approximately one week later, the trial court signed an order resetting the final hearing to June 24.

On June 18, Mother filed a motion to dismiss and, on June 21, an original answer. Mother sought dismissal based on the delay in having her served with the citation. She argued that even if she had been served on June 5, her answer would not have been due until July 1, and "the date of her 45 days' notice for a final trial would be July 20, 2024," which would be beyond the July 6 dismissal date for the case. *See* Tex. Fam. Code § 263.401(c) (providing that suit is automatically dismissed when trial on merits is not commenced before dismissal date following extension); Tex. R. Civ. P. 245 (requiring "reasonable notice of not less than forty-five days" of first trial setting for contested case absent agreement). In a legal memorandum in support of her motion to dismiss, Mother also argued that her attorney's appearance on her behalf was not a general appearance by her and did not waive the Department's duty to properly serve her as required by law.

In its responses to the motion to dismiss, the Department argued that dismissal was not warranted because there was no disagreement that the trial court had personal jurisdiction over Mother; that the provision in Texas Rule of Civil Procedure 245 requiring notice of forty-five days only applies to the first trial setting; that only "reasonable notice" is

required for subsequent trial settings; and that Mother was aware of the case since March 2023, and had actual notice of the first trial setting of December 12, 2023, which was reset as to Mother to April 30, 2024, and then reset to June 4 and then June 24. The Department also argued that Mother had made a general appearance in the case in December 2023. *See* Tex. R. Civ. P. 120 (stating that general appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law").

On June 24, 2024, the trial court heard the motion to dismiss and took the matter under advisement. The trial court then proceeded with the final hearing. The parties made opening statements, and the Department called its first witness. When the Department passed its first witness, the trial court recessed the hearing until August 13. In its order recessing the hearing, the trial court found that it was in Child's best interest to recess the hearing until then.

On July 31, the trial court denied Mother's motion to dismiss, and on August 13, the final hearing resumed. Mother did not appear in person at the final hearing or at any other hearing in the case. The record reflects that the last time Mother spoke with her attorney was in December 2023, but her attorney continued to represent her after his appointment, including making opening and closing statements and cross-examining witnesses during the final hearing.[7]

The Department's witnesses were two of its caseworkers and the Court Appointed Special Advocate (CASA) for Child. The evidence was undisputed that Mother had contact by phone with the Department and CASA during the case. CASA testified that her contact with Mother stopped in September 2023 because Mother asked CASA not to contact her again.

---

[7] The record reflects that Mother and her attorney were communicating between October and December 2023; the last conversation between Mother and her attorney was on December 21, 2023; and during that conversation, Mother "told [the attorney] to stop calling her about the case because it was triggering her."

6

Mother also was "hostile" to the Department caseworkers, did not engage in services, did not ask to have visits with Child, did not ask how Child was doing, did not have a relationship with Child, and did not reach out to Grandmother. At the time of the final hearing, Mother had not had contact with Child for at least four years. The Department's plan for Child if Mother's parental rights were terminated was for Grandmother to adopt Child. The evidence was undisputed that Child was safe, content, loved, and well taken care of in his current placement with Grandmother.

In the final order, the trial court found that Mother had constructively abandoned Child, that she had failed to comply with a court-ordered family service plan, and that it was in Child's best interest for Mother's parental rights to be terminated. *See* Tex. Fam. Code § 161.001(b)(1)(N), (O), (2). Based on these findings, the trial court terminated Mother's parental rights and appointed the Department as Child's permanent managing conservator. Mother's appeal followed.

## ANALYSIS

In two issues, Mother argues that the final order is void because Mother did not receive the required forty-five days' notice of the trial setting or that the trial court erred by not dismissing the case because it failed to render an order within ninety days of the commencement of the final hearing.

### Required Notice of Trial Setting under Rule 245

In her first issue, Mother relies on Texas Rule of Civil Procedure 245 to contend that the final order is void because she received improper notice of the final hearing. Mother contends that the trial court did not have personal jurisdiction over her until June 6, when she

was officially served, and based on this contention, she argues that the deadline for providing her notice of the final hearing did not start until June 6, which was less than forty-five days before the final hearing commenced on June 24, 2024. *See* Tex. R. Civ. P. 245. Mother argues that because she did not receive the requisite forty-five days' notice of the trial setting, the final order is void.

Rule 245 requires "reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." *See id.* R. 245. "A trial court's failure to comply with Rule 245 deprives a party of its constitutional right to be present at the hearing, to voice its objections in an appropriate manner, and results in a violation of fundamental due process." *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) (citing *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.)). "Failure to give the required notice constitutes lack of due process and is grounds for reversal." *Id.* We, however, presume that a trial court will hear a case only when notice has been given to the parties, *see id.*, and Rule 245 requires only "reasonable notice" to the parties for subsequent trial settings, *see* Tex. R. Civ. P. 245; *In re Marriage of Camp*, No. 07-13-00283-CV, 2014 Tex. App. LEXIS 7830, at *8 (Tex. App.—Amarillo July 18, 2014, no pet.) (mem. op.) (explaining that Rule 245's requirement of forty-five days' notice "applies only to first trial setting" and that "[n]otice of subsequent settings is not subject to a specific time standard but must be 'reasonable'" and collecting cases).

Whether personal jurisdiction exists is a question of law that we review de novo. *See Old Republic Nat'l Title Ins. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). Personal jurisdiction over a party is established by valid service of process. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). "If service is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction

over a party." *Id.* (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)).  But a general appearance has "the same force and effect as if the citation had been duly issued and served as provided by law."  Tex. R. Civ. P. 120; *see also id.* R. 120a (setting out procedure for special appearance and providing that "appearance, prior to judgment, not in compliance with this rule is a general appearance"), R. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.").  And an action taken by a party "seeking affirmative relief from the court" constitutes a general appearance and waives the party's personal jurisdiction complaints*.  Crystalix Grp. Int'l, Inc. v. Vitro Laser Grp. USA, Inc.*, 127 S.W.3d 425, 427 (Tex. App.—Dallas 2004, pet. denied) (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)); *In re D.M.B.*, 467 S.W.3d 100, 103–04 (Tex. App.—San Antonio 2015, pet. denied) (explaining that party waives complaints regarding service if he makes general appearance and concluding that parent generally appeared based on attorney ad litem's actions in case).

Here, in October 2023, Mother instructed her attorney to oppose the proceeding and signed an affidavit of indigence, expressly seeking affirmative relief from the trial court— the appointment of an attorney to represent her in the proceeding.  She declared under oath that she had been advised of her right to representation by counsel in connection with the proceeding, that she was without means to employ counsel of her own choosing, and that she was requesting that the trial court appoint counsel for her.  Following her instructions, the attorney filed the affidavit with the trial court.  After the affidavit was filed, the trial court granted her requested relief, and the attorney continued to represent her, opposing the termination of her parental rights.  The attorney attended hearings on her behalf and signed orders as her counsel, such as agreeing to extend the mandatory dismissal date and continue the final hearing.

9

Based on Mother's actions seeking affirmative relief from the trial court, we conclude that she made a general appearance in the proceeding before the trial court at the latest by December 2023 and, thus, that the trial court acquired personal jurisdiction over her by that time. *See Crystalix Grp.*, 127 S.W.3d at 427; *see also E.H. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00576-CV, 2022 Tex. App. LEXIS 2190, at *14–16 (Tex. App.—Austin Apr. 5, 2022, no pet.) (mem. op.) (concluding that trial court had acquired personal jurisdiction over parent who made general appearance and listing among parent's affirmative actions filing answer and filing "affidavit of indigency requesting appointment of counsel"); *J.O. v. Texas Dep't of Fam. & Protective Servs.*, 604 S.W.3d 182, 190 (Tex. App.—Austin 2020, no pet.) (holding that parent had "waived any defects in service by filing an answer"); *cf. In re T.M.E.*, 565 S.W.3d 383, 394–95 (Tex. App.—Texarkana 2018, no pet.) (concluding that parent in foreign country did not waive personal service by appearing through court-appointed counsel when parent was not served pursuant to Hague Convention and counsel did not file answer on behalf of parent, did not announce ready for trial, and did not speak to parent until after final hearing).

In this case, the record supports that Mother through her attorney had notice of the first trial setting in December 2023 more than forty-five days before that date, and she does not contend otherwise. But, more importantly, after the first trial setting, this case was reset several times, with the last trial setting of June 24, and Mother has not shown that the notice to the parties of the June 24 trial setting was unreasonable. *See In re Marriage of Camp*, 2014 Tex. App. LEXIS 7830, at *8 (explaining that "[n]otice of subsequent settings is not subject to a specific time standard but must be 'reasonable'" and that "trial court is presumed to hear a case only on proper notice to the parties"); *In re Parker*, 20 S.W.3d 812, 818 (Tex. App.—

10

Texarkana 2000, no pet.) (explaining that "[d]ue process requires only actual or constructive notice [of trial setting] reasonable under the circumstances" and that forty-five-day notice requirement in Rule 245 "goes beyond the requirements of due process"); *see also Templeton Mortg. Corp. v. Poenisch*, No. 04-15-00041-CV, 2015 Tex. App. LEXIS 11813, at *7 (Tex. App.—San Antonio Nov. 18, 2015, no pet.) (mem. op.) (concluding that forty-five-day requirement of Rule 245 did not apply because "default judgment hearing was not first trial setting").

Moreover, Mother has not shown that any error by the trial court in proceeding with the final hearing on June 24 was harmful. *See* Tex. R. App. P. 44.1(a) (stating that no judgment may be reversed on appeal on ground that trial court made error of law unless error complained of "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals"); *see also Ivey v. Ivey*, No. 05-07-01311-CV, 2009 Tex. App. LEXIS 3207, at *7 (Tex. App.—Dallas May 12, 2009, pet. denied) (mem. op.) (explaining that even if appellant was entitled to and did not receive forty-five days' notice of trial setting, to be entitled to reversal, appellant "must establish the error was harmful" (citing Tex. R. App. P. 44.1(a)). The trial court limited the first day of the final hearing to the Department's direct examination of its first witness and did not resume the final hearing until August 13. The record also reflects that despite having notice and contact with CASA, the caseworkers, and her attorney, Mother did not engage in the proceeding or appear in person for the final hearing; she does not challenge the sufficiency of the evidence supporting the termination of her parental rights; and she does not explain why she needed additional time before proceeding to trial. *See Ivey*, 2009 Tex. App. LEXIS 3207, at *8

11

(concluding that appellant did not establish that alleged error concerning requisite forty-five days' notice of trial setting was harmful).

For these reasons, we overrule Mother's first issue.

**Ninety-day deadline in Section 263.4011**

In her second issue, Mother argues that if this Court finds that she made a general appearance in December 2023, the trial court erred by not dismissing the case because it failed to render an order within ninety days of the commencement of the final hearing. *See* Tex. Fam. Code § 263.4011(a) ("On timely commencement of the trial on the merits under Section 263.401, the court shall render a final order not later than the 90th day after the date the trial commences."). Mother argues that if she made a general appearance in December 2023, she had proper notice of the hearing that was held on March 19, 2024, which resulted in the interlocutory order of termination; that the date of that hearing was when the trial commenced; and, thus, the trial court was required to render an order within ninety days of March 19, which was June 17. *See id.* Because the trial court failed to do so, Mother argues, the case should have been dismissed.

In the interlocutory order of termination, the trial court found that Father had executed an affidavit of relinquishment of his parental rights to Child, found that it was in Child's best interest to terminate Father's parental rights to Child, and terminated Father's parental rights based on its findings. *See id.* § 161.001(b)(1)(K), (2). In the context of this appeal, we need not determine whether the hearing against Father commenced trial against Mother for purposes of Section 263.4011 because, even if the trial commenced on March 19 against Mother, "the requirement [in Section 263.4011(a)] to enter an order within ninety days of

12

trial is not jurisdictional." *In re G.L.J.*, No. 05-23-01296-CV, 2024 Tex. App. LEXIS 3630, at *13 (Tex. App.—Dallas May 24, 2024, no pet.) (mem. op.); *see also In re T.D.*, No. 04-24-00185-CV, 2024 Tex. App. LEXIS 6790, at *21 (Tex. App.—San Antonio Sept. 13, 2024, no pet.) (mem. op.) (explaining that when trial court fails to timely render final order in compliance with Section 263.4011, "the statute provides a party's remedy is through writ of mandamus, not reversal for a new trial on direct appeal"). Thus, even if the trial court failed to enter an order within ninety days of trial commencing against Mother, her remedy would not have been dismissal but to seek mandamus relief requiring the trial court to enter an order. *See* Tex. Fam. Code § 263.4011(d) (authorizing party to file mandamus proceeding if trial court fails to render final order within ninety-day period); *In re G.L.J.*, 2024 Tex. App. LEXIS 3630, at *13–14 (observing that Section 263.4011(d) authorizes parties to seek mandamus relief when trial court fails to issue final order within ninety days of date trial commences and that "[i]t would make no sense for an appellate court to compel a trial court to enter an order that the trial court has no jurisdiction to enter").

Mother also has failed to show how any error by the trial court in not entering an order within ninety days of the March 2024 hearing was harmful to her. *See* Tex. R. App. P. 44.1(a). The remedy provided by the statute for noncompliance is entry of a final order, which has happened. We overrule Mother's second issue.

## CONCLUSION

Having overruled Mother's issues, we affirm the trial court's final order.

13

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   December 12, 2024