## WINNIFORD v. HOLLOMAN. (No. 6310.)

(Court of Civil Appeals of Texas. Austin. Feb. 16, 1921.)

**1. Venue ⟨Key⟩17 — Agreement changing venue as fixed by statute not binding.**

The parties to a lawsuit cannot fix the venue of a suit differently from the statute regulating venue, and such agreement will not be enforced by the courts.

**2. Venue ⟨Key⟩32(2) — Waiver of citation held not to cut off defendant's right to be sued in county of residence.**

Where defendant executed an agreement waiving the issuance and service of citation, such waiver *held* not to cut off his right to file a plea of privilege to be sued in the county of his residence; the alleged waiver constituting an appearance only.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by Tim Holloman against J. L. Winniford. A plea of privilege was overruled, and defendant appeals. Reversed and remanded, with instructions.

Critz & Woodward, of Coleman, for appellant.

Baker & Weatherred, of Coleman, for appellee.

KEY, C. J. The nature and result of this suit is immaterial, further than to say that the defendant, who is appellant in this court, filed a plea of privilege to be sued in another county, and the action of the trial court in overruling that plea is the only question presented to this court for decision.

The plaintiff, who is appellee in this court, filed a contest to the plea of privilege, the material part of which reads as follows:

"(1) That in the town of Coleman, Coleman county, Texas, and before this cause was filed by the plaintiff herein, the defendant came into the office of Baker & Weatherred, the law firm composed of J. K. Baker and W. Marcus Weatherred, attorneys for the plaintiff herein, and insisted that the said attorneys for the said plaintiff file this suit at once, if they were going to file it, and let it come up just as soon as possible, and that he wanted to accept service while he was then in town, and not be bothered with having to be served away from Coleman, and while attending to his other business.

"(2) That said plaintiff's attorneys informed the said defendant that they had not filed the suit yet, but would file it right away, and if he desired to save costs, expense, and annoyance of citation, he could come up after the suit was filed and accept service and enter his appearance in said cause.

"(3) That after said conversation above mentioned the said defendant on at least two other occasions came to plaintiff's said attorneys to sign a waiver, and wanted to know if the case had been filed, and was urging them to file same, and let him sign up acceptance of service, and after the said suit was thereafter filed on February 28, 1920, as shown by plaintiff's original petition herein, either on the date of filing of said suit, or a day or two afterwards, said defendant came to plaintiff's attorneys' office again for the purpose of signing up waiver, and on said date aforesaid, the exact date of which is not known to plaintiff or his attorneys, but is fully known to defendant herein, the said plaintiff's attorneys, at said defendant's request, prepared the hereinafter mentioned instrument and presented same to said defendant, and he read same over and signed same, which is in words and figures as follows, to wit:

"'No. 2378. Tim Holloman v. J. L. Winniford. In the District Court of Coleman County, Texas. April Term, A. D. 1920. Now comes J. L. Winniford, defendant in the above cause, and waives the issuance and service of

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

citation and here now enters his appearance in said cause at the April term of said court.

"'J. L. Winniford' —and which waiver has been duly filed among the papers in this case, and here referred to for better description hereof. And said defendant thereby and on said date aforesaid entered his appearance in this said cause and waived the right to be sued in any other county then Coleman county, Texas, and is here now estopped from insisting upon his plea of privilege filed herein."

[1] The foregoing plea of the plaintiff was sustained by testimony, and the trial court held that, by reason of the facts therein alleged and proved, the defendant had waived the right to be sued in Dallas county, where he resided. That ruling is assigned as error, and we sustain the assignment. In the case of International Travelers' Association v. Branum, 212 S. W. 630, our Supreme Court held that an agreement to fix the venue of the suit different from the statute regulating that subject is not binding, and will not be enforced by the courts, and therefore, if it had been proved in this case, which, however, was not done, that the parties had, by contract, attempted to confer jurisdiction upon the district court of Coleman county, such agreement would not have been binding.

[2] The only other question left for decision is: Did the waiver of the issuance and service of citation by the defendant cut off his right to file a plea of privilege to be sued in the county of his residence? We have a statute which requires pleadings to be filed in due order, and in construing that statute it has been held that filing any plea to the merits will constitute a waiver of the right to thereafter file a plea of privilege to be sued in another county, as well as other pleas which do not relate to the merits of the case.

The written waiver that was filed by appellant was not, in fact, a plea, and merely placed the defendant in the same attitude he would have been if citation had been served upon him. In other words, it constituted an appearance in the case and nothing more. It is provided by statute that where a citation or service thereof is quashed, on motion of the defendant, such motion shall constitute an appearance at the succeeding term of court. But it has been held that in cases of that class the defendant has the right to file his plea of privilege to be sued in another county at the succeeding term of the court, when, by force of the statute, he is deemed to have entered his appearance. Railway v. Lynch, 73 S. W. 67; Ramsey & Son v. Cook, 151 S. W. 346; Kelly v. Crouch Grain Co., 174 S. W. 630.

The cases cited demonstrate the fact that the answer to the plea of privilege was insufficient, and that the trial court erred in holding otherwise, and in holding that appellant had waived his right to insist upon such plea. That plea, being in proper form and

properly verified, constituted prima facie evidence of appellant's right to have the venue changed, and as the facts alleged and proved in appellee's reply thereto constituted no sufficient contest of or defense to that plea, the same should have been sustained.

For the error pointed out, the judgment of the court below is reversed, and the cause remanded, with instructions to sustain the plea of privilege and transfer the cause to the proper court of Dallas county.

Reversed and remanded, with instructions.