Robert Randolph BOX, Appellant,

v.

Shirley Kay (Box) FLEMING, Appellee.

No. 4552.

Court of Civil Appeals of Texas,
Eastland.

July 14, 1972.

Robert O'Donnell, Dallas, for appellant.

Dan Ryan, Houston, for appellee.

COLLINGS, Justice.

This is a venue case and is an appeal from an order granting a change of venue to Harris County.

The record shows that Robert Randolph Box and Shirley Kay Box were divorced

in the Court of Domestic Relations No. 3 of Harris County on March 16, 1964; that of this union five children were born to-wit: Linda Kay Box, a female child born October 21, 1954; Steven Ray Box, a male child born April 15, 1956; Ricky Wayne Box, a male child born September 16, 1957; David Brent Box, a male child born October 27, 1958; and Donna Box, a female child born September 4, 1963. At the time of the divorce, the care, custody and control of all the children was awarded to Shirley Kay Box. For five years the three boys, Steven, Ricky and David, have been in the de facto custody of their father and Donna has been in the de facto custody of her father since April, 1970. During the times above mentioned while the children were in the de facto custody of their father, the original decree relating to custody was undisturbed, leaving de jure custody in the mother. During this period of time, Donna was living in Dallas with her father, stepmother and brothers and was en-rolled in the public school of Dallas. In Thanksgiving of 1971, the father took all the children to Houston to visit with the mother and at that time, the mother refused to permit Donna to return to Dallas with her father. The father returned to Dallas with the three boys without Donna.

On December 3, 1971, Robert Randolph Box joined by his present wife, Judith A. Box, brought suit in the Juvenile Court No. 2 of Dallas County, seeking a change of custody upon the final hearing and temporary custody pendente lite. On December 3, 1971, the judge of the Juvenile Court No. 2 of Dallas County signed a fiat commanding Shirley Kay (Box) Fleming to be and appear before the Juvenile Court No. 2 of Dallas County, on the 28th day of December, 1971, to show cause if any she had, why the temporary custody and control of said minor children should not be awarded to Robert Randolph Box. Shirley Kay (Box) Fleming thereupon on December 20, 1971, filed a plea of privilege to be sued in Harris County, the place of her residence. On December 28, 1971, the court duly considered the question of temporary custody of the children and awarded such temporary care, custody and control of the children to the appellant herein, Robert Randolph Box. On December 29, 1971, Robert Randolph Box filed a contro-verting affidavit which was brought to the attention of the judge in accordance with Rule 87, Texas Rules of Civil Procedure and set down by the judge for hearing on January 18, 1972. On January 10, 1972, af-ter the plea of privilege had been set and before such plea had been considered by the court, Shirley Kay (Box) Fleming filed a motion to set aside the temporary custody award and sought in addition the return of Donna Box to appellee, and that all of the other minor children involved be awarded to appellee pending the final hearing.

On January 17, 1972, appellant herein, Robert Randolph Box, by and through his attorney, filed a first supplemental contro-verting plea attacking the plea of privilege on the ground that it had been waived by the affirmative relief sought by appellee on January 10, 1972. Also on January 17, 1972, appellant filed an answer to appel-lee's motion to set aside the temporary cus-tody order. Both the question of venue and the question of temporary custody pen-dente lite were considered by the court on January 27, 1972, and the court entered its order providing that the plea of privilege be sustained and that the matter be trans-ferred to the Juvenile Court of Harris County and leaving temporary custody of the children to appellants.

To the order changing venue, appellants excepted and gave notice of appeal.

█ In appellant's first point it is con-tended that the court erred in sustaining appellee's plea of privilege because appel-lant asserts that in suits to re-litigate cus-tody, venue lies in the county of residence of the party having custody of the chil-dren, and that in this case appellant had sufficient legal custody to sustain venue. The divorce decree in Harris County

granted custody of the children to appellee. The record shows that such order had never been disturbed and the evidence further shows the following facts: (1) that appellee voluntarily yielded the care, custody and control of the three boys either four or five years ago, (2) that appellee voluntarily yielded the care, custody and control of Donna one and one-half years ago to appellant, (3) that at Thanksgiving in 1971, appellee expressed a desire that Donna remain with appellant even though she kept the child in Houston, and (4) that the children in question are now and have been for some years in the custody of appellant and reside in Dallas County. We cannot agree with appellant's contention under this point.

 It is well settled that where the right to custody of a minor child has been awarded in a divorce decree and a subsequent suit is brought to re-litigate the right to the custody of the child on the ground of changed conditions, the venue of the suit is in the county of residence of the defendant. Spell v. Green, 144 Tex. 535, 192 S.W.2d 260, (1946); Boney v. Boney, 458 S.W.2d 907, (Tex.Sup.Ct.1970). The defendant's residence in the instant case is in Harris County and venue therefore lies in Harris County. Appellant's first point is overruled.

We also overrule appellant's second point in which it is contended that the court erred in holding that appellee did not waive her plea of privilege because appellant asserts that she sought affirmative relief not subject to her plea of privilege. Appellee was served with notice to appear and show cause why temporary custody pendente lite should not be awarded to appellant by an order dated December 28, 1971. In reply thereto appellee filed a motion on January 10, 1972, attacking the order and seeking to have it set aside for want of jurisdiction. The motion was not filed subject to the plea of privilege. Appellant contends that the attack upon the order entered December 28, 1971, for want of jurisdiction in the absence of an appearance was seeking relief beyond the scope of the show cause order and constituted a general appearance not subject to the plea of privilege, and thereby submitted appellee to the jurisdiction of the court and constituted a waiver of appellee's venue plea. We cannot agree with this contention. It is held that the filing of a motion to dissolve a temporary injunction or the filing of a plea in abatement and exceptions in an answer directed at a temporary injunction do not constitute waivers of a plea of privilege. McKinney v. Texas Life Insurance Company, 143 S.W.2d 789, (Tex.Civ. App.1940, dismissed judgment correct); Powell v. Goldsmith, 164 S.W.2d 45, (Tex. Civ.App.1942, writ dismissed). The filing of a motion to dissolve a temporary injunction or a plea in abatement in an answer directed to a temporary injunction is, in effect, equivalent to the motion filed by appellee attacking the show cause order of December 28, 1971. There was no waiver of appellee's plea of privilege.

The judgment is affirmed.