William Floyd PERKOLA, Appellant,

v.

KOELLING AND ASSOCIATES, INC., Appellee.

No. 20396.

Court of Civil Appeals of Texas, Dallas.

May 20, 1980.

Rehearing Denied June 11, 1980.

Maurice Bresenhan, Jr., Bresenhan, Martin & Wingate, Houston, for appellant.

James A. Williams, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This is an appeal from the denial of William Floyd Perkola's plea of privilege. Perkola contends that the ruling was erroneous because no venue exception to Tex.Rev.Civ. Stat.Ann. art. 1995 (Vernon 1964) applies, and because he did not waive his plea of privilege by appearing at a temporary injunction hearing and filing special exceptions after he filed the plea. We agree with Perkola and reverse the denial of his plea of privilege and render judgment that the cause be transferred to Harris County.

The facts are undisputed. Koelling and Associates, Inc. filed suit for temporary injunction, permanent injunction, and damages against Perkola. This court has previously decided the appeal from the temporary injunction. *Perkola v. Koelling & Associates, Inc.,* No. 20323 (Tex.Civ.App.— Dallas, February 7, 1980). On November 16, 1979, at approximately 8:30 a. m., Perkola filed his plea of privilege to be sued in Harris County. Later that day he filed his original answer, special exceptions, and a memorandum in support of his special exceptions, in that order. At this time, citation had not been served on him. On that same day, however, he also appeared for a hearing on the temporary injunction. At the subsequent plea of privilege hearing, the court overruled the plea, and made no findings.

Perkola contends that no venue exception applies, that he did not waive his plea of privilege by filing special exceptions and appearing at the temporary injunction hearing, and that venue was established as a matter of law in the county of his residence pursuant to Tex.Rev.Civ.Stat.Ann. art. 4656 (Vernon 1940). Koelling & Associates does not assert on appeal that a venue exception applies, but rather that Perkola waived his plea and that article 4656 is inapplicable. Because we hold that Perkola did not waive his plea of privilege, we need not address Perkola's contention under article 4656.

Koelling asserts that Perkola waived his plea in two respects. First, it argues that he waived it by voluntarily appearing at the temporary injunction hearing although he had not been served with citation. Second, it contends that the plea was waived when Perkola filed special exceptions and a brief in support of his exceptions without making them subject to the plea.

Concerning the appearance at the temporary injunction hearing, Perkola argues that his appearance was not a waiver because he would have been bound by the temporary injunction even if he had not appeared and that this was not an appearance in the main suit but only in a interim proceeding. Koelling counters that by voluntarily appearing for the temporary injunction hearing when he had not been cited, Perkola took action in the court which he was not compelled to take, and thereby waived his plea. We cannot agree.

■ Generally, a party will waive a plea of privilege if he invokes the power of the court in a manner which negatives a continuing intent to insist upon the plea. 1 *R. McDonald, Texas Civil Practice* § 4.40 (rev. 1965). For instance, a defendant can waive his plea by contesting a motion to sever the case. *Smith v. Strauch,* 96 S.W.2d 554, 555 (Tex.Civ.App.—San Antonio 1936, no writ). On the other hand, courts have held that appearing in other matters prior to the main suit will not waive the plea. For example, appearing at a hearing to show cause why the plaintiff should not be

awarded custody of the children pending final hearing on the main suit will not waive a plea of privilege. *Box v. Fleming,* 484 S.W.2d 617, 619 (Tex.Civ.App.—Eastland 1972, no writ); *Green v. Green,* 424 S.W.2d 479, 481 (Tex.Civ.App.—Tyler 1968, no writ). Similarly, appearance in a habeas corpus proceeding prior to a suit for custody of a child, when the party had not been served, was not a waiver of a plea of privilege. *Knollhoff v. Norris,* 152 Tex. 231, 256 S.W.2d 79 (1953). Also, an attack on a temporary injunction in a plea in abatement, and in the answer which is directed solely at the temporary injunction, is not a waiver. *Gibson v. State,* 288 S.W.2d 577, 578 (Tex.Civ.App.—Dallas 1956, writ dism'd); *Powell v. Goldsmith,* 164 S.W.2d 45 (Tex.Civ.App.—Texarkana 1942, writ dism'd). The court in *Powell,* quoted dictum in *McKinney. v. Texas Life Insurance Co.,* 143 S.W.2d 789, 790 (Tex.Civ.App.—Dallas 1940, writ dism'd judgmt. cor.), for the proposition that venue relates only to the merits and not to interlocutory matters "that have no relation to an issue, either of law or fact, going to the merits of the case."

 We hold that Perkola did not waive his plea by contesting the interlocutory temporary injunction. Perkola's appearance at this hearing on an ancillary matter was not an appearance in the main case. The main suit, for a permanent injunction and damages, will be litigated subsequently, and this temporary injunction hearing did not resolve any issues of law or fact in the main case. *Midland Building & Loan Association v. Sparks Chapel Colored M.E. Church in America,* 35 S.W.2d 774, 775 (Tex. Civ.App.—Dallas 1931, no writ). Furthermore, the fact that Perkola had not been served with citation does not change our view. His attorney evidently had agreed to accept service of process, which will not waive a plea of privilege. *See Winniford v. Holloman,* 227 S.W. 1114, 1115 (Tex.Civ. App.—Austin 1921, no writ). It is also argued that Perkola agreed to a continuance of the hearing. We can find nothing in the record which shows that Perkola requested or contested a continuance, or in any manner invoked the power of the court on the matter.

■ Perkola also filed special exceptions after filing his plea, and Koelling contends this was a waiver of the plea. Nothing in the record reveals that Perkola presented these exceptions to the court for a ruling. In the absence of anything in the record to show that these exceptions were presented to the court for decision prior to the plea of privilege hearing, the filing of the special exceptions does not waive the plea. *Pit Construction Co. v. West Texas Equipment Co.,* 494 S.W.2d 642, 644 (Tex.Civ.App.—Amarillo 1973, writ dism'd); *Geary, Hamilton, Brice & Lewis v. Coastal Transport Co.,* 399 S.W.2d 878, 880 (Tex.Civ.App.—Dallas 1966, no writ).

Reversed and judgment rendered that the cause be transferred to Harris County, Texas.