**Opinion filed September 11, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00095-CV
_____

## GEORGE Y. LOHMANN, JR.; DOC PROPERTIES, LLC; MIDLAND EUROPEAN WAXING I, LLC; AND MIDLAND DOUBLE DAVE'S PIZZA, LLC, Appellants

## V.

## EWC FRANCHISE, LLC, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CV60338**

## M E M O R A N D U M   O P I N I O N

Appellants, George Y. Lohmann, Jr.; DOC Properties, LLC (DOC Properties); Midland European Waxing I, LLC (European Waxing); and Midland Double Dave's Pizza, LLC (Double Dave's), appeal a default judgment in favor of Appellee, EWC Franchise, LLC (EWC). In three issues, Appellants argue that:

(1) the default judgment is void due to defective service of process; (2) the trial court erred in granting a default judgment without notice after Appellants appeared; and (3) the trial court's attorney's fees award is not supported by legally sufficient evidence. We affirm in part, and we reverse and remand in part.

## I. *Factual and Procedural History*

EWC sued Lohmann and DOC Properties for violating the Texas Uniform Fraudulent Transfers Act (TUFTA). *See* TEX. BUS. & COM. CODE ANN. §§ 24.001–.013 (West 2023). EWC alleged it had domesticated a Florida judgment in Texas in the amount of $583,951.73 against Lohmann and DOC Marketing, LLC.[1] According to EWC, it applied for and was granted a postjudgment writ of garnishment after learning through subpoena that Lohmann had sufficient funds at a financial institution to satisfy the judgment. The financial institution filed an answer to the garnishment action, responding that it now only held $48,579.62 of Lohmann's funds. In response to another subpoena, EWC learned that Lohmann transferred $500,000 from his personal account to an account owned by DOC Properties. EWC alleged that this "was a fraudulent transfer made with the intent to hinder, delay, and defraud [Lohmann's] creditors." EWC sought injunctive relief, a constructive trust, monetary damages, and attorney's fees. On January 9, 2024, EWC served Lohmann and DOC Properties with the original petition and application for injunction by personal service at Lohmann's home address, which also served as the registered address of DOC Properties, for which Lohmann was the registered agent.

Following a hearing fifteen days later, on January 24, 2024, which neither Lohmann or DOC Properties attended, the trial court entered a temporary injunction

---

[1]This is a separate entity from Appellant DOC Properties, and it is not a party to this appeal.

restraining Lohmann and DOC Properties from transferring assets from their bank accounts and ordering them to deposit $500,000 into the registry of the court.

On January 26, 2024, EWC filed a first amended petition adding European Waxing and Double Dave's as defendants. EWC alleged that Lohmann had a 100% ownership interest in DOC Properties, European Waxing, and Double Dave's and that Lohmann used each entity to transfer funds that could have been used to satisfy EWC's judgment against Lohmann. In the first amended petition, EWC sought additional injunctive relief against the newly added defendants. Later that day, the trial court signed a temporary restraining order and set a hearing on EWC's request for a temporary injunction for February 9, 2024.

On February 2, 2024, EWC filed a motion for substituted service. EWC stated that it attempted to serve Appellants with the first amended petition at the residential address of Lohmann, who is the registered agent of each defendant, but was unsuccessful. The motion was supported by the declaration of EWC's counsel, Suzanna C. Bonham. Bonham stated that EWC retained a private process server who made two attempts to serve defendants with the amended petition. To the motion for substituted service, Bonham attached her correspondence with the process server detailing past attempts to serve Appellants. Bonham also attached evidence that she e-mailed the first amended petition to Lohmann and his personal attorney. The information regarding the process server's attempts at service shows only a voicemail left and later a phone conversation with Lohmann about meeting.

EWC requested that the trial court authorize substituted service of the first amended petition, temporary restraining order, and citation by: (1) securely attaching the documents to the front gate of Lohmann's residence; (2) e-mailing the documents to Lohmann; (3) e-mailing the documents to Lohmann's personal attorney; "and/or" (4) sending the documents to Lohmann by regular mail.

3

The trial court granted EWC's motion that same day and authorized service by the means requested. The process server filed returns of service indicating that all Appellants were served by "securely attaching to the front gate" of Lohmann's residence on February 3, 2024.

The trial court held a hearing on EWC's request for temporary injunction, at which Lohmann appeared pro se. The trial court asked Lohmann, "you're here on behalf of your other entity, [DOC] Properties, LLC, and the others that have been served, correct?" Lohmann responded, "Yes, sir." EWC then proceeded to present argument in support of its request for injunctive relief, referencing evidence that it previously filed and was admitted at the hearing. Lohmann then proceeded to explain why the $500,000 transfer was not fraudulent. He explained that he transferred the money before the "freeze on [his] banking accounts." Lohmann stated that there were no fraudulent transfers from DOC Properties to European Waxing. He also stated that he was cooperative with the process server and that he has never refused service. He claimed that funds were transferred for payroll and phone answering services. Lohmann also stated that "things that were delivered Saturday, they forced the process server to come over, tape stuff to the fence, and the wind blew all that stuff all over" and that he had "no idea what was in there." Lohmann lodged an objection to EWC's exhibits on relevance grounds, which the trial court denied. Following the hearing, the trial court signed a temporary injunction restraining Appellants from transferring assets from their bank accounts and ordering them to deposit $500,000 into the registry of the court.

After Appellants failed to file an answer, EWC filed a motion for default judgment against all Appellants on Friday, March 8, 2024. On Monday, March 11, the trial court signed a final judgment, stating that the motion for default judgment "was submitted to the [trial] [c]ourt for hearing on March 8, 2024," granting the

motion, and awarding: $639,694.61 in actual damages, $185,543.11 in attorney's fees, contingent appellate attorney's fees, pre and postjudgment interest, and costs.

Lohmann, proceeding pro se and purportedly on behalf of DOC Properties, but no other entity, filed a motion for new trial alleging that he "was deprived of due process because the lack of proper notice of the trial at which the default judgment was rendered." Following a hearing on the motion for new trial conducted April 25, 2024, at which Lohmann did not appear, the trial court denied the motion. This appeal followed.

## II. *Service*

In their first issue, Appellants argue that "[t]he default judgment is void because the service of process on Appellants by substitute service was invalid."

### A. *Standard of Review & Applicable Law*

"Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.'" *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990)). Whether a trial court has personal jurisdiction over a particular defendant is a legal question that we review de novo. *J. O. v. Tex. Dep't of Family & Protective Servs.*, 604 S.W.3d 182, 187 (Tex. App.—Austin 2020, no pet.). Unless the record shows an appearance, proper service of citation, or a written waiver of service at the time the default judgment is entered, the trial court does not have personal jurisdiction to render the default judgment against the defendant. *See* TEX. R. CIV. P. 124; *U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022).

"We indulge no presumption in favor of valid issuance, service, or return of citation." *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). "[A] default judgment cannot withstand direct attack by a defendant who complains that he was

5

not served in strict compliance with applicable requirements." *Wilson*, 800 S.W.2d at 836. A party may raise an issue alleging defective service for the first time on appeal. *See id.* at 837; *In re P. RJ E.*, 499 S.W.3d 571, 575 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

Rule 106(a) of the Texas Rules of Civil Procedure provides that, unless the citation or an order of the court otherwise directs, the citation must be served by "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a). Texas law also provides for personal service of a Texas corporation by requiring the corporation to designate and continuously maintain a registered agent for service of process. TEX. BUS. ORGS. CODE ANN. § 5.201(a) (West 2020). A plaintiff may serve a corporation's registered agent, its president, or its vice president to perfect service of process on a defendant-corporation. *Id.* §§ 5.201(b), 5.255(1); *Zhao v. Sea Rock Inc.*, 659 S.W.3d 119, 127 (Tex. App.—El Paso 2022, pet. denied).

Under Rule 106(b), a trial court may authorize substituted service only after a plaintiff has unsuccessfully attempted to effect service through Rule 106(a). *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993). When the trial court does so, the only authority for the substituted service is the order itself. *Spanton*, 612 S.W.3d at 317–18. Rule 106(b) requires the party seeking substituted service to file a motion supported by a sworn statement that must list "any location where the defendant can probably be found" and state specifically the facts showing that the traditional methods of service have been attempted unsuccessfully at that location. TEX. R. CIV. P. 106(b). If the trial court grants the motion, it may authorize service:

6

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

*Id.* "[S]ubstitute service is not authorized under Rule 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service." *Wilson*, 800 S.W.2d at 836. An affidavit will not support substituted service if it is conclusory or otherwise insufficient. *Id.*

B. *Analysis*

Appellants argue that the declaration supporting EWC's motion for substitute service is legally insufficient to support substitute service because it is not based on personal knowledge, and it is conclusory. Appellants note that the declarant attests that "the foregoing is true and correct to the best of my knowledge and belief," and they argue that this is insufficient to establish that the declaration is based on personal knowledge. Appellants further argue that the declaration and the exhibits thereto establish that there were no attempts made at personal service such that substitute service was not authorized. EWC responds that Lohmann's appearance in the lawsuit waived any issue of defective service. EWC also maintains that its declaration was generally sufficient to support substitute service.

First, we note that EWC personally served Lohmann and DOC Properties with its original petition, and Appellants do not argue that this instance of service was defective. A plaintiff is not required to serve a nonanswering defendant with a new citation for an amended petition. *See In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009). ("While a nonanswering defendant must be served with a more onerous amended petition in order for a default judgment to stand, we agree with the court of appeals that Rule 21a service satisfies that requirement."); *see* TEX. R. CIV. P. 21a.

Accordingly, we overrule Appellants' first issue as it pertains to Lohmann and DOC Properties.

Second, Lohmann's presence at the hearing did not cure any purported service issues pertaining to European Waxing and Double Dave's. It is true that "a party's appearance in a lawsuit cures any defect in the method of serving that party." *Guardianship of Fairley*, 650 S.W.3d 372, 386 (Tex. 2022) (citing *Baker v. Monsanto Co.*, 111 S.W.3d 158, 161 (Tex. 2003)). Lohmann is alleged to wholly own European Waxing and Double Dave's. As we have said, at the February 9, 2024 hearing, the trial court asked Lohmann, "you're here on behalf of your other entity, [DOC] Properties, LLC, and the others that have been served, correct?" Lohmann responded, "Yes, sir." However, corporations may appear in court and be represented only by a licensed attorney. *Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 625 (Tex. App.—Beaumont 2018, no pet.); *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 209 (Tex. App. —Houston [14th Dist.] 2011, no pet.).[2] "[A] non-attorney representative cannot appear for a limited liability company or present a case on its behalf." *Sherman v. Boston*, 486 S.W.3d 88, 95–96 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "An attempt to do so has no legal effect." *Id.* at 96. Therefore, we conclude that Lohmann's presence at the hearing did not constitute an appearance by European Waxing and Double Dave's, and those Appellants have not waived any issues regarding defective service. *See Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) ("Because Heath was not a licensed attorney and therefore could not

---

[2]A non-attorney's answer on behalf of a corporation, although defective, may prevent a default judgment against the corporation. *See Rabb Int'l*, 346 S.W.3d at 209–10; *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715 (Tex. App.—Austin 2005, no pet.). But we have found no authority standing for the proposition that a non-attorney corporate representative's presence in court constitutes an appearance for the corporation.

represent Custom–Crete, his mere presence at trial does not equate to an 'appearance' at trial on behalf of Custom–Crete.").

Next, we address Appellants' contention that substituted service was defective because EWC did not show by its declaration that it had attempted personal service. As stated above, Bonham declared that a private process server made two attempts to serve Appellants with the amended petition, and she attached correspondence with the process server detailing EWC's attempts to serve Appellants. However, the attached exhibit shows the opposite:

| Status for order 318924-1 | |
|---|---|
| Service To: | GEORGE Y. LOHMANN, JR. |
| Your Reference: | 103985-000040 |
| | |
| 1/31/2024 13:18 | 3703 NORTHFIELD DR., MIDLAND, TX 79707 |
| 1st service attempt | I called the number provided to make arrangements to meet up with subject. I left a voicemail. |
| 2/1/2024 15:51 | 3703 NORTHFIELD DR., MIDLAND, TX 79707 |
| 2nd service attempt | I CALLED AND SPOKE TO SUBJECT HE IS BUSY, UNTIL NEXT WEEK. WE PLAN TO MEET UP NEXT WEEK. |
| [No date] [No time] | |
| 3rd service attempt | |

As evidenced above, the process server did not make any attempts at personal service, nor did it document any in the return of service. They merely arranged a meet-up time by phone. This is insufficient to demonstrate the necessity for other than personal service. *See Coronado v. Norman*, 111 S.W.3d 838, 842 (Tex. App.—Eastland 2003, pet. denied) (reversing default judgment because affidavit in support of substitute service did not contain sufficient facts to satisfy Rule 106(b)); *Medford v. Salter*, 747 S.W.2d 519, 520 (Tex. App.—Corpus Christi–Edinburg 1988, no writ) (reversing default judgment because affidavit in support of motion for substitute service did not show specific facts that service had been attempted and was deficient). Because EWC did not attempt to personally serve Double Dave's or European Waxing, substituted service on these Appellants is defective. *See Wilson*, 800 S.W.2d at 836 ("In this case, Dunn was not strictly served in compliance with

Rule 106(b) because substitute service was not properly authorized absent the affidavit explicitly required by the rule."). We sustain Appellants' first issue as to Double Dave's and European Waxing.

### III. *Notice*

In their second issue, Appellants argue that the trial court erred in granting a default judgment without notice. Because we have concluded that service was defective regarding Double Dave's and European Waxing, we need only address this further issue as it pertains to Lohmann and DOC Properties.

### A. *Motion for New Trial & Notice*

Under Texas law, a default judgment should be set aside and a new trial granted when the defaulting party establishes that: (1) the failure to appear was not intentional or the result of conscious indifference but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Lerma*, 288 S.W.3d at 926. "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." *Id.* (citing *Old Republic Ins. Co. v. Scott,* 873 S.W.2d 381, 382 (Tex. 1994)). If the defaulting party demonstrates that they did not receive notice of the dispositive hearing or the trial setting, then they are relieved from proving the other *Craddock* elements. *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam).

"[A] plaintiff may take the default judgment without further notice if the defendant has not filed a written answer or otherwise 'appeared' in the action."

10

*Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.) (citing *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)). "But if the defendant has answered or 'appeared' in some manner, due process thereafter entitles the defendant to notice of any trial setting— and that includes a hearing on a motion for default judgment." *Id.* (first citing *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); then citing *In re Marriage of Runberg*, 159 S.W.3d 194, 197 (Tex. App.—Amarillo 2005, no pet.)). If a defendant has appeared, and the plaintiff obtains a default judgment without notice, the defendant's due process rights are violated, and the judgment must be set aside. *See LBL Oil Co.*, 777 S.W.2d at 390–91.

> The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.

TEX. R. CIV. P. 120. "In the absence of a written answer, 'whether a defendant is considered to have "appeared" depends on the nature and quality of the party's activities in the case.'" *Schoendienst*, 399 S.W.3d at 316 (quoting *Runberg*, 159 S.W.3d at 198). This inquiry "considers the nature and quality of any written documents the defendant has filed in the case, any participation in hearings, and any other personal activity by the defendant." *Id.* at 316–17.

"[A] party enters a general appearance when it (1) invokes the judgment of the [trial] court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Guardianship of Fairley*, 650 S.W.3d at 386 (citing *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004)). However, "a party who is a silent figurehead in the courtroom, observing the proceedings without participating, has not" appeared. *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 8 (Tex. App.—San Antonio

11

2004, pet. denied). Ultimately, we look at "whether these acts by the defendant amount to an implicit recognition of the court's jurisdiction over the parties to decide a question other than the existence of jurisdiction itself." *Schoendienst*, 399 S.W.3d at 317.

B. *Analysis*

Appellants argue that if Lohmann's presence at the hearing on February 9 constituted an appearance on behalf of Lohmann and DOC Properties, then those Appellants were entitled to notice of the default judgment hearing. Appellants maintain that in the absence of notice, the default judgment must be reversed. In contrast to its response to Appellants' first issue, EWC argues that "Lohmann's participation at the February 9[] hearing is not enough to constitute a general appearance."

As previously explained, Lohmann's presence at the hearing did not constitute an appearance on behalf of any corporate entities, such as DOC Properties. *See Custom-Crete*, 82 S.W.3d at 659. Regarding Lohmann personally, we note that, far from being a silent observer, he contested the merits of EWC's allegations that funds were fraudulently transferred, and he objected to EWC's evidence on relevance grounds. Merely appearing at an injunction hearing may not constitute an appearance, but actively participating in the hearing by arguing about the merits of the underlying suit and objecting to evidence, *does*. *Compare Perkola v. Koelling and Assocs., Inc.*, 601 S.W.2d 110, 112 (Tex. App.—Dallas 1980, no writ) ("Perkola's appearance at this [temporary injunction] hearing on an ancillary matter was not an appearance in the main case."), *with Schoendienst,* 399 S.W.3d at 318–19 (holding in restricted appeal that the record showed that appellant was served, did not file written answer, but "appeared" by entering into agreed temporary injunction, thereby entitling her to notice of default judgment when considered in the context of

the present record), *Kaufman v. AmeriHealth Lab., LLC*, No. 05-20-00504-CV, 2020 WL 6375336, at *4 (Tex. App.—Dallas Oct. 30, 2020, no pet.) (mem. op.) (concluding that "Kaufman voluntarily appeared through counsel at the [temporary restraining order] hearing" where he "succeeded in modifying the [temporary restraining order] based on counsel's arguments, and argued he was not a signatory to the consulting agreement thereby challenging AmeriHealth's breach of contract claim"), *and Beistel v. Allen*, No. 01-06-00246-CV, 2007 WL 1559840, at *3 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (mem. op.) ("While Texas courts have held that a party who merely observes a proceeding without participating does not make a general appearance, Beistel's counsel participated when she objected to the admission of Allen's spreadsheet.").

Considering the nature and quality of Lohmann's actions at the temporary injunction hearing, we conclude that his participation amounts to an implicit recognition of the trial court's jurisdiction over the parties. *See Schoendienst*, 399 S.W.3d at 316–17. Because he made an appearance, Lohmann was entitled to notice of the hearing. *See LBL Oil Co.*, 777 S.W.2d at 390–91. Because the record clearly establishes that the trial court ruled on EWC's motion for default judgment by submission, without holding a hearing, we conclude that the trial court abused its discretion in denying Lohmann's motion for new trial. *See Mabon*, 369 S.W.3d at 813. Accordingly, we sustain Appellants' second issue as to Lohmann only.

## IV. *Attorney's Fees*

Due to our resolution of Appellants' first two issues, we address their third issue only as it pertains to DOC Properties. Appellants argue that the trial court's

13

award of attorney's fees to EWC must be reversed because the award includes fees for work on a separate case.[3]

Attorney's fees are recoverable only as provided by statute or by a contract between the parties. *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 52 (Tex. 2018). Section 24.013 of TUFTA provides that the trial court "may award . . . reasonable attorney's fees as are equitable and just." BUS. & COM. § 24.013. Appellants' complaint that EWC's evidence of attorney's fees included fees for work not done in pursuing its TUFTA claim is an argument that EWC failed to segregate its fees. It is generally true that the party seeking attorney's fees must "segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). The alleged failure of a party to segregate the fees can be waived if an adverse party fails to object that the attorney's fees in dispute are not properly segregated as to specific claims. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997); *Hizar v. Heflin*, 672 S.W.3d 774, 802 (Tex. App.—Dallas 2023, pet. denied); *see also Sprague v. Roberts*, No. 11-23-00213-CV, 2025 WL 336964, at *7 (Tex. App.—Eastland Jan. 30, 2025, no pet.) (mem. op.).

Lohmann's motion for new trial did not raise an objection to the trial court's award of attorney's fees. Importantly, even if the motion for new trial had raised the issue, because Lohmann is a non-attorney representative he cannot appear for an LLC entity and, therefore, the filing would be of no effect as it relates to DOC Properties. *See Sherman*, 486 S.W.3d at 96. Accordingly, Lohmann's motion for new trial did not preserve this issue for appellate review for DOC Properties.

---

[3]Appellants allege that charges for fees sought in its Motion for Default Judgment recite charges well before the present case was filed on December 28, 2023, and that the entries involve fees for postjudgment discovery and procedures, which cannot possibly relate to this case when no judgment was entered in this case until March 11, 2024.

*See Solis*, 951 S.W.2d at 389; *see also Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at \*14 (Tex. App.—Dallas 2017, pet. denied) (mem. op.) (concluding that appellant waived error on attorney's fees issues, including segregation of fees, by failing to address the issue in a motion for new trial or other proceedings in the trial court).  We overrule Appellants' third issue.

## V.  *This Court's Ruling*

We reverse the trial court's default judgment against Lohmann, European Waxing, and Double Dave's, and we remand that portion of the case to the trial court for further proceedings consistent with this opinion.  We affirm the remainder of the trial court's judgment including the default judgment against DOC Properties.


W. BRUCE WILLIAMS
JUSTICE


September 11, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.